**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HASKER BOOKER** *et al*, | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-1829** |
| | : | |
| **USAA GENERAL INDEMNITY** | : | |
| **COMPANY** | : | |
| | : | |

---

**McHUGH, J.**                                                                                    **June 21, 2022**

## MEMORANDUM

This is an action for uninsured motorist benefits.  Plaintiff made a claim under a policy issued to him by his insurer, but no offer in settlement of the claim has been extended.  Plaintiff sues for benefits for himself and his wife and asserts both a claim for statutory bad faith and a claim under the Unfair Trade Practices and Consumer Protection Law, which the carrier now moves to dismiss.  As to bad faith, the motion will be denied.  As to the UTPCPL, the motion will be granted.

### I.      Factual Background

On May 14, 2019, Plaintiff Hasker Booker was rear-ended by a vehicle in a hit-and-run accident.  Compl. ¶ 6, ECF 1-3.  At the time of the accident, Plaintiff and his wife were insured by the Defendant, USAA General Indemnity Company, under a policy that included Uninsured Motorist Benefits. *Id*. ¶ 7.  Plaintiff alleges that because the tortfeasor was "unidentified" the person was "therefore was Uninsured under the terms of the policy…" *Id*.  ¶ 6.  Plaintiff made a demand for Uninsured Motorist benefits, which was denied by USAA despite Plaintiffs having

submitted all required documentation.[1] *Id*. ¶¶ 9, 10. In addition to seeking benefits under the policy, Plaintiffs allege that the failure to pay manifests bad faith and violates the Unfair Trade Practices Act and Consumer Protection Law (UTPCPL). Defendant moves to dismiss these two counts for failure to state a claim.

## II.   **Standard of Review**

Within the Third Circuit, motions to dismiss under Fed. R. Civ. P. 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

## III.   **Discussion**

### a.   *Plaintiff's Bad Faith Claim Alleges Sufficient Facts to State a Claim*

Plaintiff brings a claim for bad faith in violation of Pennsylvania's bad faith statute, 42 Pa.C.S. § 8371.  To "recover in a bad faith action, the plaintiff must present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis." *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017).  "Bad faith" on the part of the insurer is any "frivolous or unfounded refusal to pay proceeds of a policy, it is not necessary that such refusal be fraudulent." *Bergman vs USAA*, 742 A. 2d 1101, 1106 (Pa. Super Ct. 1999).  .

"Conclusory, boilerplate assertions are insufficient to state a claim for bad faith against an insurer." *Diaz v. Progressive Advanced Ins. Co.*, No. 5:19-CV-06052-JDW, 2020 WL 868133, at \*1 (E.D. Pa. Feb. 21, 2020).  Many district courts have dismissed bad faith claims under Rule 12(b)(6) on the basis that the complaint set forth only conclusory allegations insufficient to provide

---

[1] Plaintiff characterizes the demand as having been one for "Underinsured Motorist benefits" in Paragraphs 9 and 11 of the Complaint but refers to "Uninsured Motorist benefits" elsewhere. Given Plaintiffs' allegation, at Paragraph 6, that the alleged tortfeasor "was Uninsured," I read the Complaint as related to a claim for Uninsured Motorist ("UM") benefits.

a factual basis for an award of bad faith damages.  *See, e.g., Elican v. Allstate Ins. Co.*, No. 17-cv-3105, 2017 WL 6525781, at *4 (E.D. Pa. Dec. 21, 2017) (collecting cases); *Soldrich v. State Farm Fire & Cas. Co.*, No. 5:15-CV-01438, 2015 WL 7568442, at *3 (E.D. Pa. Nov. 25, 2015).

Other district courts have held plaintiffs to a less rigorous pleading standard.  *See e.g. 1009 Clinton Properties, LLC v. State Farm Fire & Cas. Co.,* No. 18-5286, 2019 WL 1023889 (E.D. Pa. Mar. 4, 2019); *Kelly v. Progressive Insurance Co.,* 159 F.Supp.3d 562 (E.D. Pa. 2016).

Here, viewed from one perspective, Plaintiff's allegations can be faulted as broad and conclusory.  The Complaint alleges that USAA acted in bad faith by:

> a) failing to properly investigate the claims; b) failing to act promptly upon written or oral communications; c) failing to implement reasonable standards for the prompt investigation of claims;  d) refusing to pay claims without conducting a reasonable investigation;  e) failing to affirm or deny coverage of claims within a reasonable time; f) not negotiating in good faith; g) compelling Plaintiff to institute litigation to recover amounts due under the insurance policy; h) attempting to settle a claim for nothing and/or far less than an amount to which a reasonable person would believe he is entitled to; i) targeting the Plaintiff's claims so as to pay less UM benefits; j) bad faith refusal to pay the required due and owing UM benefits; and k) failing to promptly provide reasonable explanations.

Compl. ¶ 36.  But, as the court recognized in *1009 Clinton Properties, LLC,* aside from the passage of time, the information insureds need to evaluate a bad faith claim is within control of the insurer, *id.* at *5, and "judging the sufficiency of a pleading is a context-dependent exercise," *id.* (quoting *West Penn Allegheny Health System, Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010)).

Here, the Complaint pleads and attaches what appears to be a valid policy covering the time of the accident with no limitation on tort recovery.  Three years have elapsed since the accident.  The Complaint pleads that it was a rear-end collision, which would seemingly eliminate issues of liability, unless USAA disputes Plaintiffs' underlying factual narrative. The Complaint further pleads that there were significant injuries, and unreimbursed medical expenses, but no offer in any amount has been forthcoming.  It also  alleges a refusal to negotiate.  I am not persuaded

that such allegations are insufficient at this stage, and the motion to dismiss Count II of the Complaint will therefore be denied.

      b. _Plaintiff Fails to State a Claim for Violation of the Pennsylvania UTPCPL_

Count III of Plaintiff's Complaint asserts a claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 201–1 _et seq_., arising from USAA's "conduct and handling" of his UM claim. This claim will be dismissed with prejudice because the UTPCPL does not extend to claims arising out of the handling of insurance claims.

To establish a claim under the UTPCPL, a plaintiff must prove: (1) he or she purchased or leased goods or services; (2) the goods or services were primarily for personal, family or household purposes; and (3) the plaintiff suffered an ascertainable loss as a result of the defendant's unlawful, deceptive act. 73 P.S. § 201–9.2(a). The UTPCPL applies to conduct surrounding the insurer's conduct in forming the contract. As a result, "[t]he UTPCPL applies to the sale of an insurance policy, it does not apply to the handling of insurance claims." _Wenk v. State Farm Fire & Cas. Co_., 228 A.3d 540, 550 (Pa. Super. Ct. 2020). "Hence, an insured cannot bring an action under the UTPCPL based on the insurer's failure to pay a claim or to investigate a claim." _Kelly v. Progressive Advanced Ins. Co_., 159 F.Supp.3d 562, 564–65 (E.D. Pa. 2016) (Savage, J.)_; see also Nordi v. Keystone Health Plan W., Inc.,_ 989 A.2d 376, 385 (Pa. Super. Ct. 2010); _Horowitz v. Fed. Kemper Life Assur. Co.,_ 57 F.3d 300, 307 (3d Cir.1995) (citing _Gordon v. Pa. Blue Shield_, 548 A.2d 600, 604 (Pa. Super. Ct. 1988)).

The allegations here all relate to USAA's handling of an insurance claim, with no allegations as to misconduct in the sale of the policy. Count III of the Complaint will therefore be dismissed with prejudice.

**IV.**     <u>**Conclusion**</u>

For the reasons set forth above, Defendant's Motion to Dismiss will be granted in part.

Count III of Plaintiffs' Complaint will be dismissed with prejudice.  An appropriate order follows.


<u>/s/ Gerald Austin McHugh</u>
United States District Judge