IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HASKER BOOKER and MONICA WASHINGTON BOOKER, <br>       Plaintiffs, <br><br> v. <br><br> USAA GENERAL INDEMNITY COMPANY, <br>       Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION <br> No. 22-1829 |

**McHUGH, J.**                                                                                                   **March 7, 2023**

**MEMORANDUM**

      This is an action for uninsured motorist benefits. Plaintiff sued for benefits for himself and his wife, further claiming that his insurer acted in bad faith in denying him benefits. The carrier now moves for summary judgment on the bad faith claim. Because Plaintiffs have not developed any record to support their claim, and point to no evidence that would suffice to establish bad faith, the motion will be granted.

**I.        Relevant Background**

      On May 14, 2019, Plaintiff Hasker Booker was rear-ended by a vehicle in a hit-and-run accident. Compl., ECF 1-3, at ¶ 6. At the time of the accident, Plaintiff and his wife were insured by the Defendant, USAA General Indemnity Company, under a policy that included uninsured motorist ("UM") benefits. *Id.* ¶ 7. Plaintiff alleges that because the tortfeasor was "unidentified" the person was "therefore was Uninsured under the terms of the policy." *Id.* ¶ 6. On this basis, Plaintiff submitted a claim after the accident for uninsured motorist benefits to USAA.[1] *Id.* ¶ 9.

---

[1] As I previously noted in ruling on USAA's Motion to Dismiss, Paragraphs 9 and 11 of the Complaint reference "Underinsured Motorist benefits" but other parts of the Complaint refer to "Uninsured Motorist

Plaintiff pleaded that USAA has refused to pay any UM benefits under the policy despite Plaintiff's submission of supporting documentation for his injuries. *Id.* ¶ 10. USAA disputes denying any benefits and asserts that USAA instead has simply reached a different conclusion as to the value of the UM claim. *See* Def.'s Mem., ECF 20-1 at 8.

USAA previously moved to dismiss Plaintiffs' claims that it acted in bad faith and engaged in unfair trade practices. ECF 4. I allowed the bad faith claim to proceed because the Complaint pled enough facts to suggest that Plaintiffs may uncover evidence of bad faith through discovery. *See* ECF 8 (noting that "the information insureds need to evaluate a bad faith claim" is often "within control of the insurer"). With discovery now closed, USAA moves for summary judgment on the bad faith count.

**II.      Standard of Review**

This Motion is governed by the well-established standard for summary judgment set forth in Fed. R. Civ. P. 56, as amplified by *Celotex Corporation v. Catrett*, 477 U.S. 317, 322-23 (1986).

**III.     Discussion**

    **A.  USAA is entitled to summary judgment on Plaintiffs' claim for bad faith.**

USAA argues that summary judgment is warranted because Plaintiffs have no evidence to support their claim. In a case where the non-moving party bears the ultimate burden of proof on a claim, the burden of the moving party at summary judgment "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. This is because "the plain language of Rule

---

benefits." Given Plaintiffs' allegation, at Paragraph 6, that the alleged tortfeasor "was Uninsured," I read the Complaint as related to a claim for UM benefits.

56(c) mandates the entry of summary judgment" when a party that bears the ultimate burden of proof cannot point to evidence establishing the essential elements of their case after discovery. *Id.* at 322.

Here, USAA represents that Plaintiffs failed to develop any record in support of their bad faith claim, despite bearing the burden of proving the claim at trial. *See Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 191 (3d Cir. 2021) (quoting *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017)) (stating that to prevail on a bad faith insurance claim under Pennsylvania law, a plaintiff must establish such a claim with "clear and convincing evidence"). Specifically, USAA points out that Plaintiffs never served any discovery requests, never deposed any USAA personnel, and never produced any expert reports pertinent to the issue of bad faith. Def.'s Mem., ECF 20-1 at 8. Plaintiffs fail to rebut USAA's characterization of the record in their opposition brief, and their brief's lack of *any* record citations reinforces USAA's point. In the absence of evidence, and Plaintiffs point to none, they cannot show a genuine dispute of fact, as required to defeat a motion for summary judgment. *See Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) (emphasizing that the non-moving party must "rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument.").

**IV.     Conclusion**

For the reasons set forth above, Defendant's Motion will be granted. An appropriate order follows.

    /s/ Gerald Austin McHugh
United States District Judge